**FULTON NAT. BANK OF ATLANTA v. UNITED STATES.**

**No. 9139.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 7, 1939.

A. S. Clay, of Atlanta, Ga., for appellant.

Lawrence S. Camp, U. S. Atty., and Harvey H. Tisinger, Asst. U. S. Atty., both of Atlanta, Ga.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

McCORD, Circuit Judge.

The United States of America filed suit against the Fulton National Bank of Atlanta to recover $785.40 paid out on a government check to which the indorsement of the payee had been forged. The case proceeded to trial without a jury and judgment was entered for the United States. The case is here on an agreed statement of facts.

William Alston, a negro, was discharged from the United States Army on or about March 24, 1933, at Fort Benning, Georgia. After discharge, and on application, he was paid compensation of $6 per month. His claim file number was "C-882,055 (peace-time service)". Compensation was discontinued because of a ruling of the Veterans Administration based on the fact that his discharge was not honorable. He corresponded with the Veterans Administration, and while living at 106 Hilliard Street, Atlanta, Georgia, notified the Administration that he had changed his address to Post Office Box 987, Athens, Georgia.

When the notice of change of address was received by the Veterans Administration at Atlanta, instead of sending it to the central office in Washington, D. C., where the file of William Alston, "C-882,055 (peace-time service)", was kept, a clerk placed it in the file of one William T. Alston of R.F.D. No. 2, Preston, Georgia. William T. Alston was a World War veteran and had filed claim for disability suffered as a result of military service during the war. The file number assigned to the claim of William T. Alston was "C-1,454,-554 (World War)".

An award of compensation was made to William T. Alston, the World War veteran, and a United States Treasury draft for $785.40, bearing date of August 10, 1935, was drawn and made payable to him. The object for which the check was drawn was shown as "Veterans 6-7178", and claim number "C-1,454,554" followed the name of the payee, William T. Alston. The check was mailed to William T. Alston, Post Office Box 987, Athens, Georgia, being the changed address of the negro, William Alston.

William Alston received the check and forged the indorsement "William T. Alston". Along about the time he came into possession of the check, William Alston went to Atlanta and registered with the Transient Bureau of the Federal Relief Administration. He registered under the name of William T. Alston. He thereafter showed the check to a bureau employee and succeeded in inducing him to write a statement certifying that he was William T. Alston. He carried this statement to the bank, and the bank received the check and paid the money to him. William Alston afterward pleàd guilty to the forgery and served a sentence in the Federal Penitentiary for the offense.

The forgery escaped detection by government officials for some time, and it was not until October 30, 1936, that the government demanded payment from the Fulton National Bank, the last indorser. There is no merit in the contention that the government was guilty of laches which would prevent recovery.

We think the determining question in this case is whether or not the person to whom the check was really made indorsed it. The check here was made out to William T. Alston, and he was the one the government intended to pay. This case is unlike those cases where impostors secured checks and cashed them: United States v. National Exchange Bank, C.C., 45 F. 163; Land Title & Trust Co. v. Northwestern Nat. Bank, 196 Pa. 230, 46 A. 420, 50 L.R.A. 75, 79 Am.St.Rep. 717; Security-First

Nat. Bank v. United States, 9 Cir., 103 F.2d 188; United States v. First Nat. Bank & Trust Co., D.C., 17 F.Supp. 611 and cases cited; authorities collected in Montgomery Garage Co. v. Manufacturers' L. I. Co., 94 N.J.L. 152, 109 A. 296, 22 A.L.R. 1228; McCornack v. Central State Bank, 203 Iowa 833, 211 N.W. 542, 52 A.L.R. 1297, Cohen v. Lincoln Sav. Bank, 275 N.Y. 399, 10 N.E.2d 457, 112 A.L.R. 1435, 3 R.C.L. Sec. 211 p. 1002. In the impostor cases the drawer of the check or draft was misled as to the identity of the payee, and the money was paid to the very person to whom the check had been drawn and delivered by the drawer.

 This case does not fall within the rule applicable to impostors. Here the receiver of the check, William Alston, did not stand as an impostor to secure the check. He was not intended as the one to be paid. The check was never indorsed by the one to whom it was made payable and sent. It was indorsed by William Alston and not William T. Alston. In modern commercial business dealings the initial is an important part of the name and the bank should not have paid William Alston, he having no middle initial. Moreover, the serial number of William T. Alston, "C-1,454,554", appeared on the check and was the master-key to the identity of the payee of the check and could have been used by the bank to discover whether or not the person presenting the check was the one for whom it was intended. It was the duty of the bank to ascertain the true individual and to pay no one else. Failing in this duty it must be held liable. Cf. United States v. National Exchange Bank, C.C., 45 F. 163, 166; United States v. National Bank of Commerce, 9 Cir., 205 F. 433, 438; Security-First Nat. Bank v. United States, 9 Cir., 103 F.2d 188 and cases cited; Insurance Company of North America v. Fourth Nat. Bank, D.C., 12 F.2d 100, 102.

The judgment is affirmed.

SIBLEY, Circuit Judge (concurring).

I concur because of the "T". The check said: "Pay in dollars Seven Hundred Eighty Five 40/100 to the order of William T. Alston, Box 987, Athens, Ga." Written in the corner of the check was "C-1,454,-554." Not only was the check sent to the post-office box stated, but the user of that box was written in the check as part of the description of the payee. If the bearer of the check, being the user of that box, had exactly the name of the payee, I think the bank could have safely cashed the check on that identification of the intended payee without wondering what C-1,454,554 might mean. Only because the check was payable to William T. Alston while the presenter of it was known as William Alston, does it seem to me that the loss can be put on the bank rather than on the drawer of the check who was mistaken as to who the Alston of Box 987, Athens, Ga., really was.